# CASES

## DECIDED IN THE

# COURT OF CHANCERY OF NEW-JERSEY,

## JULY TERM, 1831.

---

### SARAH C. WALLINGTON v. SAMUEL C. TAYLOR.

Thomas Taylor devised to his son Samuel, a farm, &c., "to him, his heirs and assigns, provided he had lawful issue; but if he should die leaving no issue living, then the said property to be equally divided between his three sisters." These terms, "leaving no issue living," are now taken to mean a failure of issue at the time of the death of the devisee, and not an indefinite failure of issue: consequently, the estate devised, instead of being an estate tail, must be taken to be a contingent fee, with an executory devise over.

But whether it be an estate tail, or a contingent fee, the power of the devisee over it is precisely the same; he has no power to commit waste, to destroy the inheritance.

The testator also bequeathed to his daughter Sarah, five thousand dollars, "to be paid to her by the said Samuel, out of the estate given to him, in annual payments of five hundred dollars a year." This legacy is a charge on the estate of the devisee, (in the devised premises,) not upon his person or upon the land.

If, therefore, the estate of the devisee should cease, before the legacy is paid, the land would be discharged.

Although the devisee is not personally liable, yet the *nett* annual profits of the estate, if any, are to be appropriated, yearly, to the payment of the legacy.

The legatee is entitled to have her money; and if the devisee does not pay it, in exoneration of the charge, the estate must satisfy it in some way. The legacy is absolute, and does not depend on the annual value of the estate.

The devisee is liable, personally, to account for the nett profits which have come to his hands; and must be considered as holding them in trust, and responsible over to the legatee who is beneficially interested.

On the 23d of January, 1823, Thomas Taylor, late of Burlington county, made and published his last will and testament,

in writing, executed in due form to pass real estate. He gave by it to his son Samuel C. Taylor, the defendant, the plantation on which he, the testator, then lived, with a house and lot adjoining the same, and all the buildings and improvements thereon; to him, his heirs and assigns, provided he had lawful issue: but if he should die leaving no issue living, then the said property to be equally divided between his three sisters. The testator bequeathed to his daughter Sarah C. Wallington, five thousand dollars, to be paid to her by the said Samuel C. Taylor, out of the estate given to him, to be paid in annual payments of five hundred dollars a year, without interest; the first payment to commence in one year after testator's decease.

The testator died, and the defendant entered into possession of the property so devised to him as aforesaid.

The first payment of five hundred dollars became due on the 21st of August, 1829.

The bill charges, that the defendant refuses to pay the first payment; that he is receiving the rents, issues and profits, refusing to account for any part of them; and is committing great waste and spoil on the premises. It prays, that the defendant may be decreed to pay the complainant the sum due, with interest; and in default thereof, that a receiver may be appointed; and if the rents and profits will not satisfy the legacy as it becomes due, that so much of the real estate charged with the legacy be sold to satisfy the same, according to the provisions of the will.

The defendant denies the commission of the waste, and insists that he has right to hold the property without impeachment of waste; and that he has a right to cut wood and timber for the payment of the annual legacy; and if he has not, he is willing and desirous that the premises be sold for the purpose of paying the legacy. The defendant protests against any personal liability for the payment of the claim; and alleges that the premises are so well timbered and wooded, that a sufficient quantity of wood may be cut yearly to pay the said legacy without detriment to the farm, and without committing any waste or injury whatever to the inheritance.

It appeared in evidence that the defendant had no children.

*G. Wood*, for the complainant. The devise is to S. C. Taylor and his heirs; but if he should die leaving no issue living, then over. This does not mean an indefinite failure of issue, but a definite failure of issue. The language is " leaving:"—When leaving? It must mean, at the time of his death, and not at some future indefinite period.

The estate devised is a contingent fee, with an executory devise over, and not an estate tail. In 3 *Hals. R.* 6, the words were, " without issue alive." This had reference to the death of the devisee for life. So in *Porter* v. *Bradley*, 3 *T. R.* 146 ; *Wilkinson* v. *South*, 7 *T. R.* 555 ; *Roe* v. *Jeffrey*, 7 *T. R.* 589.

The legacy is charged upon the *estate* devised to Samuel Taylor, in the premises; and not on the *land* generally, or on the person of the devisee. When that estate ceases, whether his estate be a fee tail or a contingent fee simple, the legacy is gone.

The legal estate is vested in the defendant. The beneficial interest, by this charge, is vested in the complainant, *pro tanto*, and she is entitled to so much of the nett proceeds of the devised premises, as will be sufficient, annually, to satisfy her legacy. The complainant's interest is of a primary, that of the defendant is of a residuary character : 2 *Ves. R.* 547 ; *Ch. Williamson's Op. Wood* v. *Wood.*

The legacy is a trust exclusively under the cognizance of a court of equity : 18 *John. R.* 428. Samuel C. Taylor receives the rents as trustee. They should be appropriated to satisfy the claim of the legatee. He stands in the situation of a trustee refusing to account for the trust monies, and ought to be charged personally with the profits received : 1 *Mad.* 254 ; 2 *Anst.* 506 ; 1 *Atk.* 382 ; 1 *Paige*, 282, 8, 9.

The improper appropriation is a fraud on the *cestui que trust :* 1 *Paige*, 147. He ought to account for the rents, issues, and profits, and be restrained from committing waste.

The tenant of the contingent fee cannot commit waste : *Eden on Inj.* 122. Yet if he were tenant in tail under the statute *de donis*, he is, under our statute, only a tenant for life, and as such cannot commit waste.

The only difficulty arises from the defence set up in the answer ; that the defendant is not bound to account for the profits received.

July, 1831.

Wallington
v.
Taylor.

I admit that he is entitled to an equivalent for his labor. But we are entitled to have the nett profits applied to the payment of the legacy, until that is satisfied, principal and interest. A legacy charged on a dry reversion does not carry interest ; but where the reversion is in possession, and yielding profits, it is otherwise : 6 *John. C. R.* 33.

*G. D. Wall,* for the defendant. This is an extraordinary case. The defendant has only an interest for life, and whether his estate be an estate tail or a contingent fee, is not important. A tenant in tail or of a contingent fee, has a right to commit waste, but not to the injury of the right of third persons.

The testator has given the legacy of five thousand dollars, five hundred of which is payable annually, out of the *estate.* It is not charged on Samuel, or on the land devised, but on the estate alone ; and to the estate the complainant must look for her legacy.

It is said, the legatee has the beneficial interest in the estate ; that her interest is primary, and that of the defendant secondary: but the case relied on from *Vernon's R.* does not support the principle. The question there was, as to the abatement of the specific legacy.

The complainant's counsel attempt to convert the defendant into a *trustee,* and the complainant into a *cestui que trust.* Then he would be a mere receiver. He does not stand in that relation. There is no dispute about the value of the property : it is not more than three hundred dollars per annum, out of which he is called on to pay five hundred dollars. This cannot be.

The devisee and legatee are both beneficially interested. The remedy of the legatee is upon the estate. The court may order the estate to be sold, if they think proper, to raise the legacy. The legatee has a right to take the estate, but not what the devisee has made out of it while in his hands. They have given the defendant no chance to make any thing out of the estate. He is satisfied he can make nothing out of the land, and is willing that his estate in it should be sold ; or he is willing to cut timber on the land for the payment of the legacy, under the direction of the court ; but is not liable to account for the past rents and profits received.

*Wood*, in reply.    This is not a case where the legatee can be let into possession.    She has no legal interest in the land.    The defendant is a trustee for the benefit of the legatee, he having the whole legal estate.    I admit he is not personally liable for the legacy, otherwise he would be bound to pay it without regard to rents or profits.    But he is a trustee ; the profits ought to be appropriated annually to the payment of the legacy, and he is personally liable for the profits received.    If he is not liable for the profits received, then he is not in default for not paying, and the legal interest cannot be sold without default.    The testator could not have intended that the estate should be sold by piecemeal to satisfy the legacy.

THE CHANCELLOR.    There is no difficulty, as I think, in establishing the relative rights of the parties, or in determining that the complainant is entitled to relief.

1. As to the estate of the defendant.    Under the old cases, and as the law was formerly understood, I presume it would be considered an estate tail.    More modern decisions have varied the rule, and the current of authorities is now the other way.    The terms " leaving no issue living," are now taken to mean a failure of issue at the time of the death of the devisee, and not an indefinite failure of issue ; and consequently the estate, instead of being an estate tail, must be taken to be a contingent fee with an executory devise over.

But this is not very important to the rights of the parties; for whether it be the one or the other kind of estate, the power of the devisee over it is precisely the same : he has no right to commit waste, so as to destroy the inheritance.

2. The legacy is a charge upon the *estate of the defendant*, not upon his person nor upon the land.    If, therefore, the estate should cease before the legacy is paid, the land would be discharged from all liability or claim.

3. Although the devisee is not personally liable, yet the *nett* annual profits of the estate, if any, are to be appropriated yearly to the payment of the legacy.    Such was, no doubt, the intention of the testator, and such is the reason of the thing.    The

estate is *charged* with this annual payment, and the profits of the estate should be directed to satisfy the charge.

4. Whether the annual profits of the estate will equal the charge, is not material to the complainant, standing simply as a legatee. She is entitled to have her money; and if the devisee does not, or cannot pay it, in exoneration of the charge, the estate must satisfy it in some way. The legacy is absolute, and does not depend upon the annual value of the estate.

5. The nett profits of the estate, after giving to the devisee a fair and proper support out of the property, being liable for the payment of the legacy, if they have come into the hands of the defendant, he is liable personally to account for them. He must be considered as holding them in trust, and responsible over in this court to the person beneficially interested.

Such I take to be the situation and relative rights of the parties.

There is some difficulty in directing the mode of relief to which the complainant is entitled. To sell the whole estate, might be to sacrifice it, to the injury of all the parties; and besides, the whole of the legacy will not be due in some years, and the party has no right to call for it until it is payable according to the terms of the bequest. To sell a part of the estate every year, might be still more injurious. If it be true, as stated by the defendant, that there is such an abundance of wood and timber on the premises, as to admit enough to be cut down every year to pay the annual charge, and that without any injury to the land, that method might be resorted to with apparent propriety.

To enable the court to come to a just conclusion as to the facts, and to direct with more security the proper course to be pursued in reference to the whole legacy, I shall refer it to a master to enquire,

1. As to the amount of the annual *nett* profits that have come to the hands or use of the defendant, after making to him all just allowances for a fair and proper support out of the premises, from the time he came into the possession; to the end that he may be personally charged with the same; to be applied, *pro tanto*, to the extinguishment of the claim upon the estate.

2. To ascertain and report the quantity and amount of wood

and timber that has been cut on the property by the devisee, over and above what was necessary for the use of the farm; and whether the same still remains on the property unsold, or has been sold for the benefit of the defendant.

3. To ascertain and make report of, the quantity, kind, and value of the timber and wood upon the said premises, and how much, as to quantity and amount, may be sold annually without prejudice; and,

4. To inquire and report whether, in case it should become necessary to sell any part of the premises other than the wood and timber, the same or any part of it may be sold in parcels, and in what way most advantageously; or whether the estate is so situated as to render it expedient to sell the whole together, and what would be the probable value of said estate.

These facts being ascertained, the court will be enabled to give effectual relief as to the whole case. If, in the mean time, any waste should be attempted, the court will promptly interfere.

All further directions are reserved until the coming in of the report.